

**U.S. Department of Justice**

*United States Attorney*
*District of Connecticut*

---

*Connecticut Financial Center*
*157 Church Street*
*P.O. Box 1824*
*New Haven, Connecticut 06510*

*(203) 821-3700*
*Fax (203) 773-5376*
*www.usdoj.gov/usao/ct*

December 6, 2005

Lisa A. Prager
1200 Nineteenth Street, NW
Washington, DC, U.S. 20036-2412

> Re: <u>United States v. Food King, Inc.</u>
> Criminal No. 3:05CR    (   )

Dear Ms. Prager:

This letter confirms the plea agreement entered into between your client, Food King, Inc. (the "defendant"), and the United States Attorney's Office for the District of Connecticut (the "Government") concerning the referenced criminal case.

## THE PLEA AND OFFENSE

The defendant agrees to waive its right to be indicted and to plead guilty to a one-count information charging it with smuggling goods and merchandise into the United States in violation of Title 18 U.S.C. § 545. It understands that to be guilty of this offense, the following must have occurred:

1. The merchandise in question, in this instance chicken feet, were imported and brought into the United States;

2. The same was contrary to law as alleged in the Information;

3. The defendant received, bought, sold, or otherwise facilitated the transportation, or sale of merchandise, in this instance chicken feet, in the United States after importation; and

4. The defendant knew such merchandise had been imported into the United States contrary to law.

## THE PENALTIES

This offense carries a maximum penalty of five years' probation and a fine. The defendant is subject to the alternative fine provision of 18 U.S.C. § 3571. Under this section, the

Lisa A. Prager, Esq.  - 2 -  December 6, 2005

maximum fine that may be imposed on the defendant is the greatest of the following amounts: (1) twice the gross gain to the defendant resulting from the offense; (2) twice the gross loss resulting from the offense; or (3) $500,000. The Court may impose a term of probation that may include a condition requiring the payment of restitution for the full amount of the victim's loss. U.S.S.G. §§ 8B1.1, 8D1.1, and 8D1.4. Other conditions may include requiring the defendant to remedy the harm caused by the offense and to eliminate or reduce the risk that the instant offense will cause future harm, and community service. U.S.S.G. §§ 8B1.2(a) and 8B1.3.

In addition, the defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $400 on the count of conviction. The defendant agrees to pay the special assessment to the Clerk of the Court on the day the guilty plea is accepted.

Finally, unless otherwise ordered, should the Court impose a fine of more than $2,500 as part of the sentence, interest will be charged on the unpaid balance of a fine amount not paid within 15 days after the judgment date. 18 U.S.C. § 3612(f). Other penalties and fines may be assessed on the unpaid balance of a fine pursuant to 18 U.S.C. §§ 3572 (h), (i) and 3612(g).

Forfeiture

Pursuant to 18 U.S.C. § 545 and 28 U.S.C. § 2461(c), and based on its commission of the illegal acts of smuggling charged in count one of the Information, the defendant agrees to forfeit a sum of money in the amount of $48,575, which is equal to the total value of merchandise introduced by the defendants into the United States of America in violation of 18 U.S.C. § 545. This money judgment amount shall be offset by the amount of any payment towards the forfeiture money judgment that the defendant makes to the United States prior to the entry of judgment in this case. The defendant understands that if it fails to make such agreed-upon payment prior to sentencing, the Government may seek to void this agreement.

Also, the Government understands that, pursuant to 19 U.S.C. § 1595a, the defendant will enter into a stipulated settlement of a related civil forfeiture action based upon the same acts of smuggling for which the defendant is entering a criminal guilty plea. In this civil forfeiture action, the defendant will agree and acknowledge that the warehouse located at 39 Wood Street, West Haven, Connecticut was used in, to aid in, and to facilitate the smuggling crime, and that in lieu of forfeiting that warehouse, the defendant shall forfeit $170,000 in settlement of that civil action. The defendant will sign and thereby enter into that stipulated civil settlement within seven days after the hearing where the defendant enters the above-described plea of guilty. The defendant also understands that if it fails to make such agreed-upon payment prior to sentencing, the Government may seek to void this agreement.

The defendant agrees to consent to the entry of orders of forfeiture for the money

Lisa A. Prager, Esq.           - 3 -           December 6, 2005

judgment and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise her of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time the guilty plea is accepted.

The defendant agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The defendant also understands and agrees that by virtue of its plea of guilty it waives any rights or cause of action to claim that it is a "substantially prevailing party" for the purpose of recovery of attorney fees and other litigation costs in any related forfeiture proceeding pursuant to 28 U.S.C. § 2465(b)(1).

## **THE SENTENCING GUIDELINES**

### 1. Applicability

The defendant understands that the Court is required to consider any applicable Sentencing Guidelines as well as other factors enumerated in 18 U.S.C. § 3553(a) to tailor an appropriate sentence in this case. *See United States v. Booker*, 543 U.S. __ (2005). The defendant expressly understands that the Sentencing Guideline determinations will be made by the Court, by a preponderance of the evidence, based upon input from the defendant, the Government, and the United States Probation Officer who prepares the presentence investigation report. The defendant further understands that he has no right to withdraw his guilty plea if its sentence or the Guideline application is other than he anticipated.

### 2. Guideline Stipulation

Chapter eight of the Sentencing Guidelines apply in this case. U.S.S.G. § 8B1.1. The Government and the defendant calculate the defendant's applicable Sentencing Guidelines using the current Guidelines Manual to be at a fine range of $10,000 to $20,000.

The appropriate Guideline is U.S.S.G. § 2T3.1 (evading import duties). The base offense level under U.S.S.G. §§ 2T3.1 and 2T4.1 with a tax loss of $2,500 is 8 and no adjustments are warranted. U.S.S.G. § 8C2.3(a). The defendant's culpability score, based on the factors set forth in U.S.S.G. § 8C2.5, is 5 (5 points to start, plus 1 point under subsection (b)(5) based on the defendant having 10 or more but less than 50 employees and an individual with substantial authority participated in the offense, and less 1 point for acceptance of responsibility because the

Lisa A. Prager, Esq.                           - 4 -                           December 6, 2005

defendant clearly demonstrated recognition and affirmative acceptance of responsibility for its criminal conduct). The Government will recommend the acceptance points only if the defendant fully, completely, and truthfully discloses to the Probation Office the information requested, the circumstances surrounding its commission of the offense, and its criminal history. This recommendation is further conditioned upon the defendant's submission to the Probation Office, prior to the date of sentencing, of a complete and truthful financial statement setting forth all assets, including but not limited to, cash deposits, securities, real estate, and other property owned by or held on behalf of the defendant in the defendant's own name or any other name. The defendant expressly understands that the Court is not obligated to accept the Government's recommendation of the two point reduction. Also, the Government will not make this recommendation if the defendant engages in any acts which (1) indicate that it has not terminated or withdrawn from criminal conduct or associations (U.S.S.G. § 3E1.1); (2) could provide a further basis for an adjustment for obstructing or impeding the administration of justice (U.S.S.G. § 3C1.1); or (3) constitute a violation of any condition of release. Moreover, the Government will not make this recommendation if the defendant seeks to withdraw its guilty plea. The defendant expressly understands that it may not withdraw its plea of guilty if, for the reasons explained above, the Government does not make this recommendation.

Under U.S.S.G. § 8C2.7, the defendant's fine range is $10,000 to $20,000. This range is determined by multiplying the multipliers of 1.00 (minimum) and 2.00 (maximum), arrived at under U.S.S.G. § 8C2.6, times $10,000, the greater amount under section 8C2.4(a) and the offense level fine table amount under U.S.S.G. § 8C2.4(d).

The parties agree that neither a downward nor an upward departure from the sentencing range set forth above is warranted and that a sentence within the agreed range is reasonable. Accordingly, neither party will seek such a departure or seek any adjustment not set forth herein. Nor will either party suggest that the Probation Department consider such a departure or adjustment, or suggest that the Court *sua sponte* consider such a departure or adjustment.

The defendant expressly understands that the Court is not bound by this agreement on the Guideline fine range specified above or the parties' positions concerning a particular sentence. The defendant further expressly understands that it will not be permitted to withdraw the plea of guilty if the Court does not impose a sentence it requests or imposes a sentence outside the Guideline range set forth in this agreement.

In the event the Probation Office or the Court contemplates any sentencing calculations different from those stipulated by the parties, the parties reserve the right to respond to any inquiries and make appropriate legal arguments regarding the proposed alternate calculations. Moreover, the Government expressly reserves the right to challenge or defend any sentencing determination, other than that stipulated by the parties, in any post-sentencing proceeding.

### 3. Waiver of Right to Appeal
   or Collaterally Attack Sentence

The defendant acknowledges that under certain circumstances it is entitled to appeal its conviction and sentence. 18 U.S.C. § 3742. It is specifically agreed that the defendant will not appeal or collaterally attack in any proceeding, including but not limited to a motion under 28 U.S.C. §§ 2255 or 2241, the conviction or sentence of imprisonment imposed by the Court if that sentence is within the Guideline range identified above, even if the Court reaches a sentencing range permitting such a sentence by a Guideline analysis different from that specified above. The defendant expressly acknowledges that it is waiving its appellate rights knowingly and intelligently. Furthermore, it is agreed that any appeal as to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentencing calculation that is inconsistent with (or not addressed by) the agreed Guideline calculation.

### 4. Information to the Court

The Government expressly reserves its right to address the Court with respect to an appropriate sentence to be imposed in this case. Moreover, it is expressly understood that the Government will discuss the facts of this case, including information regarding the defendant's background and character, 18 U.S.C. § 3661, with the United States Probation Office and will provide the Probation Officer with access to its file, with the exception of grand jury material.

## WAIVER OF RIGHTS

### Waiver of Right to Indictment

With respect to the offense in the information, the defendant understands that it has the right to have the facts of the offense presented to a federal grand jury, consisting of between sixteen and twenty-three citizens, twelve of whom would have to find probable cause to believe that it committed the offenses set forth in the information before an indictment could be returned. The defendant expressly acknowledges that it is knowingly and intelligently waiving its right to be indicted on the offense.

### Waiver of Trial Rights and Consequences of Plea

The defendant understands that it has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent it.

The defendant understands that it has the right to plead not guilty or to persist in that plea if it has already been made, the right to be tried by a jury with the assistance of counsel, the right

Lisa A. Prager, Esq.                            - 6 -                          December 6, 2005

to confront and cross-examine the witnesses against it, the right not to be compelled to incriminate itself, and the right to compulsory process for the attendance of witnesses to testify in its defense. The defendant understands that by pleading guilty it waives and gives up those rights and that if the plea of guilty is accepted by the Court, there will not be a further trial of any kind.

The defendant understands that if it pleads guilty, the Court may ask it questions about the offense to which it pleads guilty, and if it answers those questions falsely under oath, on the record, and in the presence of counsel, its answers may later be used against it in a prosecution for perjury or making false statements.

### Waiver of Statute of Limitations

The defendant understands and agrees that should the conviction following defendant's plea of guilty pursuant to this plea agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement (including any indictment or counts the Government has agreed to dismiss at sentencing pursuant to this plea agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement or reinstatement of such prosecution. The defendant agrees to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date the plea agreement is signed.

### Waiver of Right To Post-Conviction DNA Testing of Physical Evidence

The defendant understands that the Government has various items of physical evidence in its possession in connection with this case that could be subjected to DNA testing. The defendant further understands that following conviction in this case, it could file a motion with the Court to require DNA testing of physical evidence pursuant to 18 U.S.C. § 3600 and § 3600A in an attempt to prove its innocence. The defendant fully understands its right to have all the physical evidence in this case tested for DNA, has discussed this right with its counsel, and knowingly and voluntarily waives its right to have such DNA testing performed on the physical evidence in this case. Defendant fully understands that because it is waiving this right, the physical evidence in this case will likely be destroyed or will otherwise be unavailable for DNA testing in the future.

## ACKNOWLEDGEMENT OF GUILT; VOLUNTARINESS OF PLEA

The defendant acknowledges that it is entering into this agreement and is pleading guilty freely and voluntarily because it is guilty. The defendant further acknowledges that it is entering into this agreement without reliance upon any discussions between the Government and it (other

Lisa A. Prager, Esq. - 7 - December 6, 2005

than those described in the plea agreement letter), without promise of benefit of any kind (other than the concessions contained in the plea agreement letter), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges its understanding of the nature of the offense to which it is pleading guilty, including the penalties provided by law.

## REPRESENTATION BY CONFLICT FREE COUNSEL

The defendant also acknowledges its complete satisfaction with the representation and advice received from its undersigned attorney. The defendant understands that it is being represented by the same attorney who represents Vichittra Aramwatananont in a federal case involving the same offense conduct. It understands that it has the right to the effective assistance of counsel, including separate representation, and it is entitled to conflict free representation. The defendant submits that its and Vichittra Aramwatananont's interests are the same and its interests do not conflict with Vichittra Aramwatananont's. The defendant voluntarily and knowingly waives its right to separate representation in this case and wishes to proceed with its attorney.

The defendant expressly acknowledges that it is not a "prevailing party" within the meaning of Public Law 105-119, section 617 ("the Hyde Amendment") with respect to the counts of conviction or any other count or charge that may be dismissed pursuant to this agreement. The defendant voluntarily, knowingly, and intelligently waives any rights it may have to seek reasonable attorney's fees and other litigation expenses under the Hyde Amendment.

## SCOPE OF THE AGREEMENT

The defendant acknowledges and understands that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority. The defendant acknowledges that no representations have been made to it with respect to any civil or administrative consequences that may result from the plea of guilty other than those set forth herein because such matters are solely within the province and discretion of the specific administrative or governmental entity involved. Finally, the defendant understands and acknowledges that this agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving it.

## COLLATERAL CONSEQUENCES

The defendant further understands that it will be adjudicated guilty of the offense to which it has pleaded guilty and may thereby be deprived of certain rights. The defendant understands that the Government reserves the right to notify any state or federal agency by whom it is licensed, or with whom it does business, or any other person or entity of the fact of its

Lisa A. Prager, Esq.        - 8 -        December 6, 2005

conviction.

## SATISFACTION OF FEDERAL CRIMINAL LIABILITY; BREACH

The defendant's guilty plea, if accepted by the Court, will satisfy any federal criminal liability of the defendant in the District of Connecticut as a result of its criminal conduct as alleged in the Information. The defendant expressly understands and agrees that this agreement does not address any other federal criminal liability it may have in Connecticut or elsewhere.

The defendant understands that if, before sentencing, it violates any term or condition of this agreement, engages in any criminal activity, or fails to appear for sentencing, the Government may void all or part of this agreement. If the agreement is voided in whole or in part, defendant will not be permitted to withdraw its plea of guilty.

## NO OTHER PROMISES

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this plea agreement, and none will be entered into unless set forth in writing, signed by all the parties.

This letter shall be presented to the Court, in open court, and filed in this case.

Very truly yours,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY


PETER S. JONGBLOED
CHIEF, CRIMINAL DIVISION


DOUGLAS P. MORABITO
ASSISTANT UNITED STATES ATTORNEY

Lisa A. Prager, Esq. - 9 - December 6, 2005

      The defendant certifies that it has read this plea agreement letter and its attachment(s) or has had it read or translated to it, that it has had enough time to discuss it with its attorney, that its attorney has answered any questions it had about it, that it sets forth the entire agreement and understanding between it and the Government, and that it fully understands and accepts the terms thereof.


_____                                           _____
FOOD KING, INC.                                                        Date
Defendant
   By Lisa A. Prager


      I have read or thoroughly reviewed the plea agreement letter and its attachment to my client, who advises me that it understands and accepts its terms.


_____                                           _____
LISA A. PRAGER, ESQ.                                       Date
Counsel for Food King, Inc.

Lisa A. Prager, Esq. - 10 - December 6, 2005

## STIPULATION OF OFFENSE CONDUCT

The defendant, Food King, Inc., and the Government stipulate and agree to the following offense conduct that gives rise to the defendant's agreement to plead guilty to the information:

The defendant, Food King, Inc. ("Food King") is located at 39 Wood Street, West Haven, Connecticut. Food King is in the business of importing food items into the United States for subsequent distribution in the United States. Food King has been in business in the United States since 1999. The defendant's president, who is located in Thailand, exercises management responsibility over Food King and its employees. The defendant's president is responsible for all international orders of products received from Food King and its employees in the United States. The orders are typically sent by facsimile, email or telephone from employees of Food King to the defendant's president. The defendant's president is also responsible for the subsequent international shipments of the ordered products to the United States.

Between approximately January 2001 and April 2005, Food King and others, knowingly imported approximately 920 cases of mislabeled chicken feet from Wales and Company Universe Limited in Thailand. Each case contained thirty (30) one-pound packages of chicken feet. The United States permits the importation of chicken feet but not from Thailand without a permit. Food King imported the chicken feet, which is a prohibited item from Thailand, into the United States knowing that it was illegal. The defendant imported the chicken feet because there was a demand for it in the United States. To avoid detection by the United States Customs and Border Protection and the United States Department of Agriculture when importing the chicken feet from Thailand, Food King and others caused the chicken feet to be mislabeled as "jellyfish" and placed in containers shipped to the United States. Food King mislabeled the chicken feet as "jellyfish" because jellyfish are not prohibited from importation into the United States. As such, fraudulently mislabeling the chicken feet as "jellyfish" permitted the defendant to illegally import chicken feet from Thailand into the United States. In addition, jellyfish are duty free and thus no duty was paid on the mislabeled chicken feet.

In order to facilitate the illegal sale of the chicken feet, Food King produced brochures, which had photographs of their various products and a text description. In addition, the last time Food King listed chicken feet in their brochures was January 2005. Photographs of the chicken feet were taken for the Food King brochure, but the product was listed as jellyfish, not chicken feet. The Food King sales force distributed the brochures to their customers and it was known that the advertisement of "jellyfish" was in fact chicken feet.

Once the chicken feet were illegally imported into the United States, the shipments would be temporarily stored at a company facility in Perth Amboy, New Jersey. Thereafter, in addition to storing it in Food King's own warehouse/freezer located at 39 Wood Street, West Haven, Connecticut, the chicken feet would also be stored at Connecticut Freezers located at 1 Brewery

Street, New Haven Connecticut. Employees of Food King, at the direction of the defendant, subsequently transported and sold the chicken feet to numerous stores in the United States, including in Connecticut, Georgia, Kentucky, Massachusetts, Michigan, Minnesota, Ohio, Pennsylvania, Rhode Island, Tennessee, and Wisconsin. To further avoid detection by law enforcement and regulatory agencies, Food King employees sold the chicken feet to stores in the United States on cash and carry receipts as "jellyfish." Food King's customers knew they were buying chicken feet that was mislabeled as "jellyfish." Finally, to further avoid detection, employees of Food King on at least two occasions misrepresented the extent of Food King's criminal conduct to federal law enforcement officers by claiming that there had only been one or two shipments of chicken feet in the preceding five years. This is so despite the fact that there had been over ten such shipments. The value of the chicken feet illegally imported, transported and sold in the United States was approximately $48,575.

The written stipulation above is incorporated into the preceding plea agreement. It is understood, however, that the defendant and the Government reserve their right to present additional relevant offense conduct to the attention of the Court in connection with sentencing.

_____  
FOOD KING, INC.  
Defendant  
   By Lisa A. Prager

_____  
Douglas P. Morabito  
ASSISTANT U. S. ATTORNEY

_____  
Lisa A. Prager, Esq.  
Attorney for the Defendant